**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**RICHARD MERLE SWITZER**                                                                                          **PLAINTIFF**

**VERSUS**                                                                 **CIVIL ACTION NO. 2:02cv144-KS-JMR**

**JOHNSON, et al.**                                                                                                  **DEFENDANT(S)**

**MEMORANDUM OPINION**

This matter comes before the Court *sua sponte* pursuant to Rule 41 of the Federal Rules of Civil Procedure and pursuant to the repeated failure of Plaintiff Richard Switzer ("Switzer") to comply with the Rules of this Court, as well as this Court's Order [48-1] to Show Cause, entered July 21, 2005. The Court recognizes that this case was filed on May 10, 2002, over three (3) years ago. The Court further recognizes that Defendants Robert Johnson and David Turner have not been served to date. The Court issued an Order [13-1] on January 3, 2003, requesting that summonses be issued to the all of the named Defendants. Summonses were issued on January 17, 2003 in compliance with the Order [13-1]. On March 24, 2003, summonses were returned unexecuted as to David Turner [29-1]and Robert Johnson [30-1]. The Plaintiff has made no further attempt to have Defendants Turner and Johnson served with process. In fact, this Court notes that the Plaintiff's last contact with the Court regarding the above-captioned matter was on June 25, 2004, over one (1) year ago, when he filed a Change of Address [46-1]. Since June 25, 2004, the only action taken in this case was it's reassignment to a new United States District Judge and United States Magistrate Judge, on January 3, 2005 [47-1], and the denial of the Plaintiff's Motion [43-1] to Continue the Omnibus Hearing, on July 8, 2005.

On July 21, 2005, this Court entered an Order [48-1] requiring Switzer to show cause, within ten (10) days or by no later than August 4, 2005, why this case should not be dismissed for failure to prosecute and/or failure to timely effect service of process.  Switzer has yet to show cause, as ordered by this Court on July 21, 2005, why the Court should not dismiss this case for failure to prosecute and/or failure to timely effect service of process.

Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."  FED. R. CIV. P. 41(b).  Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution.  "The authority of the a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calenders of District Courts."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962).  *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Based on the foregoing, this Court finds that the Plaintiff, Richard Switzer, has failed to show cause why this case should not be dismissed, as ordered by this Court on July 21, 2005, and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases.  Therefore, this Court is of the opinion that this cause be dismissed without prejudice for the Plaintiff's failure to prosecute.

2

THIS the  5th  day of August, 2005.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE